**Ever Vicente ARCE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70892.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

Cesar Rodrigo Ternieden, Esquire, Law Office of Cesar R. Ternieden, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Eric Warren Marsteller, Esquire, Trial, Judith Roberta O'Sullivan, Esquire, Trial, William Charles Peachey, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Ever Vicente Arce, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008). We deny the petition for review.

Arce contends that gang members, during two separate robbery attempts, beat him due to his membership in a particular social group. Taking into account all of Arce's evidence, the record does not compel the conclusion that the gang members targeted him on account of a protected ground. See *Parussimova v. Mukasey,* 555 F.3d 734, 740–41 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because Arce did not show a nexus to a protected ground, his asylum and withholding of removal claims fail. See *Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.